<u>CASE NO.  19-10862</u>

Lisa A. Biron,

      Plaintiff - Appellant

v.

Jody Upton, Warden; Leticia A. Armstrong; Emily Dixon,

      Defendants – Appellees

<u>APPELLANT'S RECORD EXCERPTS</u>



APPEAL,CLOSED,IFP,JURY,PAPER_REQUIRED

# U.S. District Court
## Northern District of Texas (Fort Worth)
## CIVIL DOCKET FOR CASE #: 4:19-cv-00322-A
## Internal Use Only

| | |
|---|---|
| Biron v. Upton et al | Date Filed: 04/22/2019 |
| Assigned to: Senior Judge John McBryde | Date Terminated: 07/23/2019 |
| Case in other court: 141st Judicial District Tarrant Co Texas, 141-30580-19 | Jury Demand: Plaintiff |
| United States Court of Appeals Fifth Circuit, 19-10862 | Nature of Suit: 550 Prisoner Pet/Other: Civil Rights |
| Cause: 28:1442 Notice of Removal | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Lisa A Biron**                                  represented by  **Lisa A Biron**
                                                                 #12775-049
                                                                 BOP Waseca FCI
                                                                 PO Box 1731
                                                                 Waseca, MN 56093
                                                                 PRO SE

V.

**Defendant**

**Warden Jody Upton**                            represented by  **Brian Walters Stoltz-DOJ**
                                                                 U.S. Attorney's Office
                                                                 1100 Commerce Street
                                                                 Third Floor
                                                                 Dallas, TX 75242
                                                                 214-659-8626
                                                                 Email: brian.stoltz@usdoj.gov
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*
                                                                 *Bar Status: Admitted/In Good Standing*

**Defendant**

**Leticia A Armstrong**                          represented by  **Brian Walters Stoltz-DOJ**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*
                                                                 *Bar Status: Admitted/In Good Standing*

**Defendant**

**Emily Dixon**                                  represented by  **Brian Walters Stoltz-DOJ**
                                                                 (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/22/2019 | 1 | NOTICE OF REMOVAL from 141st District Court, Tarrant County, case number 141-305850-19 filed by E. Dixon, Leticia Armstrong, Jody Upton. (Filer fee note- Filed by the USA) In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Cover Sheet, # 2 Cover Sheet Supplement, # 3 Index of State Court Records, # 4 State Court Docket, # 5 Complaint, # 6 Cover Letter, # 7 Letter re Ability to Pay, # 8 Affidavit of Inability to Pay, # 9 Service Request Form, # 10 Service Request Form, # 11 Clerk's Letter, # 12 Officer's Return, # 13 Officer's Return, # 14 Officer's Return, # 15 Officer's Return, # 16 Notice of Related Cases) (Stoltz-DOJ, Brian) (Entered: 04/22/2019) |
| 04/22/2019 | 2 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Leticia Armstrong, E. Dixon, Jody Upton. (Stoltz-DOJ, Brian) (Entered: 04/22/2019) |
| 04/22/2019 | 3 | Supplemental Document by Leticia Armstrong, E. Dixon, Jody Upton as to 1 Notice of Removal,,,,, *(Supplement to Notice of Removal)*. (Stoltz-DOJ, Brian) (Entered: 04/22/2019) |
| 04/22/2019 | 4 | CERTIFICATE OF SERVICE by Leticia Armstrong, E. Dixon, Jody Upton (Stoltz-DOJ, Brian) (Entered: 04/22/2019) |
| 04/22/2019 | 5 | New Case Notes: A filing fee has been paid. No prior sanctions found. (For court use only - links to the national and circuit indexes.) File to Judge McBryde. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. (wrb) (Entered: 04/22/2019) |
| 04/22/2019 | 6 | Notice and Instruction to Pro Se Party (wrb) (Entered: 04/22/2019) |
| 04/22/2019 | 7 | Standing ORDER Concerning Paper Filing in Cases Assigned to District Judge John McBryde...see order for specifics. (Ordered by Senior Judge John McBryde on 4/22/2019) (wrb) (Entered: 04/22/2019) |
| 04/22/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:5,6,7. cy to Biron Mon Apr 22 11:46:18 CDT 2019 (crt) (Entered: 04/22/2019) |
| 04/22/2019 | 8 | SCHEDULING ORDER: Amended Pleadings due by 7/26/2019. Discovery due by 9/27/2019. Joinder of Parties due by 6/24/2019. Bench Trial set for 10/28/2019 09:00 AM before Senior Judge John McBryde. Docket Call set for 10/28/2019 09:00 AM before Senior Judge John McBryde. (Ordered by Senior Judge John McBryde on 4/22/2019) (wrb) (Entered: 04/22/2019) |
| 04/22/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:8. cy to Biron Mon Apr 22 17:16:24 CDT 2019 (crt) (Entered: 04/22/2019) |
| 04/23/2019 | 9 | Received original and judge's copy of case initiating documents pursuant to Standing |

| | | |
|---|---|---|
| | | Order re: <u>2</u> Cert. Of Interested Persons/Disclosure Statement, <u>3</u> Supplemental Document, <u>1</u> Notice of Removal,, <u>4</u> Certificate of Service filed by Leticia Armstrong, E. Dixon, Jody Upton (Attachments: # <u>1</u> Additional Page(s), # <u>2</u> Additional Page(s), # <u>3</u> Additional Page(s)) (wrb) (Entered: 04/23/2019) |
| 04/23/2019 | <u>10</u> | CERTIFICATE OF SERVICE FOR DOCUMENTS WITH ORIGINAL SIGNATURES by Leticia Armstrong, E. Dixon, Jody Upton re <u>2</u> Cert. Of Interested Persons/Disclosure Statement, <u>3</u> Supplemental Document, <u>1</u> Notice of Removal, <u>4</u> Certificate of Service (wrb) (Entered: 04/23/2019) |
| 04/29/2019 | <u>11</u> | Defendant's MOTION to Dismiss filed by Leticia Armstrong, E. Dixon, Jody Upton (wrb) (Entered: 04/30/2019) |
| 05/13/2019 | <u>12</u> | MOTION to Strike Under Rule 12(f) filed by Lisa A Biron (wrb) (Entered: 05/14/2019) |
| 05/13/2019 | <u>13</u> | MOTION for Extension of Time to File Response to Defendants' <u>11</u> MOTION to Dismiss filed by Lisa A Biron (wrb) (Entered: 05/14/2019) |
| 05/14/2019 | <u>14</u> | ORDER denying <u>12</u> Motion to Strike ; denying <u>13</u> Motion to Extend Time to File Response/Reply. (Ordered by Senior Judge John McBryde on 5/14/2019) (wrb) (Entered: 05/14/2019) |
| 05/14/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:14. cy to Biron Tue May 14 13:50:30 CDT 2019 (crt) (Entered: 05/14/2019) |
| 05/20/2019 | <u>15</u> | FIRST VERIFIED AMENDED COMPLAINT WITH JURY DEMAND against All Defendants filed by Lisa A Biron. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: <u>Attorney Information - Bar Membership</u>. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (wrb) (Entered: 05/21/2019) |
| 05/24/2019 | <u>16</u> | Response filed by Lisa A Biron re: <u>11</u> Motion to Dismiss (wxc) (Entered: 05/24/2019) |
| 06/03/2019 | <u>17</u> | MOTION to Dismiss Plaintiff's First Amended Complaint filed by Leticia A Armstrong, Emily Dixon, Jody Upton (wrb) (Entered: 06/04/2019) |
| 06/12/2019 | <u>18</u> | Defendants' MOTION to Modify Deadline for Summary Judgment Motions filed by Leticia A Armstrong, Emily Dixon, Jody Upton (wrb) (Entered: 06/12/2019) |
| 06/12/2019 | <u>19</u> | ORDER granting <u>18</u> Motion to Amend...the deadline in paragraph 2 of the Order Setting Schedule is modified such that any motion for summary judgment must be filed within 30 days of the court's ruling on the defendants' pending motion to dismiss plaintiff's first amended complaint. All other deadlines remain in effect. (Ordered by Senior Judge John McBryde on 6/12/2019) (wrb) (Entered: 06/13/2019) |
| 06/13/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:19. cy to Biron Thu Jun 13 09:33:06 CDT 2019 (crt) (Entered: 06/13/2019) |
| 06/24/2019 | <u>20</u> | MOTION for Extension of Time to File Opposition to <u>17</u> MOTION to Dismiss filed by Lisa A Biron (wrb) (Entered: 06/25/2019) |
| 06/25/2019 | <u>21</u> | ORDER granting <u>20</u> Motion to Extend Time to File Response/Reply. Responses due by 7/5/2019. (Ordered by Senior Judge John McBryde on 6/25/2019) (wrb) (Entered: 06/25/2019) |
| 06/25/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:21. cy to Biron Tue Jun 25 14:19:35 CDT 2019 (crt) (Entered: 06/25/2019) |

| 07/08/2019 | 22 | Plaintiff's Supplemental RESPONSE filed by Lisa A Biron to Defendants' 17 MOTION to Dismiss (wrb) (Entered: 07/08/2019) |
|---|---|---|
| 07/22/2019 | 23 | REPLY in Support filed by Leticia A Armstrong, Emily Dixon, Jody Upton of Defendants' 17 MOTION to Dismiss Plaintiff's First Amended Complaint (wrb) (Entered: 07/22/2019) |
| 07/23/2019 | 24 | Memorandum Opinion and Order...Deft's motion to dismiss granted; pltfs claims dismissed. (Ordered by Senior Judge John McBryde on 7/23/2019) (wrb) (Entered: 07/23/2019) |
| 07/23/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:24. cy to Biron Tue Jul 23 14:37:12 CDT 2019 (crt) (Entered: 07/23/2019) |
| 07/23/2019 | 25 | FINAL JUDGMENT...the claims of plaintiff Biron against defendants dismissed. (Ordered by Senior Judge John McBryde on 7/23/2019) (wrb) (Entered: 07/23/2019) |
| 07/23/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:25. cy to Biron Tue Jul 23 14:43:43 CDT 2019 (crt) (Entered: 07/23/2019) |
| 07/29/2019 | 26 | NOTICE OF APPEAL as to 24 Memorandum Opinion and Order, 25 Judgment to the Fifth Circuit by Lisa A Biron. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (tle) (Entered: 07/29/2019) |
| 07/29/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:26. Copy of Notice of Appeal mailed to Petitioner Mon Jul 29 16:10:31 CDT 2019 (crt) (Entered: 07/29/2019) |
| 08/06/2019 | 27 | Received letter from United States Court of Appeals Fifth Circuit re: No. 19-10862. We have docketed your appeal with the 5th Circuit number shown above. Please use this number in all future contact with the court. (tle) (Entered: 08/06/2019) |
| 08/06/2019 | | USCA Case Number 19-10862 in United States Court of Appeals Fifth Circuit for 26 Notice of Appeal, filed by Lisa A Biron. (tle) (Entered: 08/06/2019) |
| 08/12/2019 | 28 | MOTION for Leave to Proceed in forma pauperis on appeal with certificate of trust account re 26 Notice of Appeal, filed by Lisa A Biron. (tle) (Entered: 08/12/2019) |
| 08/13/2019 | 29 | ORDER REGARDING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL. LISA A. BIRON is assessed an initial partial appellate filing fee of $40.38. Thereafter, the appellant shall pay $464.62, the balance of the appellate filing fees, in periodic installments as provided in 28 U.S.C. § 1915(b) (2). Clerk to mail this order to the attention of the Inmate Trust Fund Department at the facility where the inmate resides. (Ordered by Senior Judge John McBryde on 8/13/2019) (tln) (Entered: 08/13/2019) |
| 08/13/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:29. Tue Aug 13 12:12:27 CDT 2019 (crt) (Entered: 08/13/2019) |
| 08/26/2019 | | Confirmation of receipt of payment from Michael Bonczar in the amount of $505.00. Transaction posted on 8/23/2019. Receipt number FW033200 processed by pf. (cea) Restriction lifted on 8/26/2019 (cea). (Entered: 08/26/2019) |

| | | |
|---|---|---|
| 09/04/2019 | | Record on Appeal for USCA5 19-10862 (related to <u>26</u> appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by <u>contacting the appeals deputy</u> in advance to arrange delivery. (tle) (Entered: 09/04/2019) |
| 09/04/2019 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:. Mailed paginated docket sheet to Petitioner Wed Sep 4 14:25:55 CDT 2019 (crt) (Entered: 09/04/2019) |



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 3 2019

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

LISA BIRON,                        §
                                   §
          Plaintiff,               §
                                   §
VS.                                §   NO. 4:19-CV-322-A
                                   §
FEDERAL MEDICAL CENTER ("FMC")     §
CARSWELL WARDEN JODY UPTON,        §
ET AL.,                            §
                                   §
          Defendants.              §

FINAL JUDGMENT

Consistent with the court's memorandum opinion and order signed this date,

The court ORDERS, ADJUDGES, and DECREES that the claims of plaintiff, Lisa Biron, against defendants, Federal Medical Center Carswell Warden Jody Upton, FMC Carswell Psychologist Leticia A. Armstrong, and FMC Carswell Psychologist E. Dixon, be, and are hereby, dismissed.

SIGNED July 23, 2019.

_____
JOHN McBRYDE
United States District Judge



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA BIRON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-322-A |
| | § | |
| FEDERAL MEDICAL CENTER ("FMC") | § | |
| CARSWELL WARDEN JODY UPTON, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Federal

Medical Center ("FMC") Carswell Warden Jody Upton ("Warden"), FMC

Carswell Psychologist Leticia A. Armstrong ("Armstrong"), and FMC

Carswell Psychologist E. Dixon ("Dixon"), to dismiss plaintiff's

first amended complaint. The court, having considered the motion,

the response of plaintiff, Lisa Biron, the reply, the record, and

applicable authorities, finds that the motion should be granted.

I.

Background

On January 31, 2019, plaintiff filed a "Civil Complaint for

Damages and Injunctive and Declaratory Relief" in the District

Court of Tarrant County, Texas. 141st Judicial District. Doc.[1] 1

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

at PageID[2] 12. On April 22, 2019, defendants filed their notice of removal, bringing the action before this court pursuant to 28 U.S.C. § 1442(a)(1). Doc. 1. Defendants filed a motion to dismiss. Doc. 11. In response, plaintiff filed her first verified complaint. Doc. 15.

In her amended complaint, plaintiff alleges:

Plaintiff was convicted of sex offenses. Doc. 15 ¶ 8. Plaintiff was directed by God to research, pray about, study the Bible concerning God's view of morality involving sex and sexual conduct, and to record these findings in writing for use in her rehabilitation and to help educate others. Id. ¶ 13. On or about September 25, 2015, Dixon conducted a search of plaintiff's locker and removed 144 pages of her manuscript draft and notes. Id. ¶ 16. The removal caused plaintiff extreme emotional distress, resulting in panic attacks and an upset stomach. Id. ¶ 18. On or about September 30, 2015, plaintiff sent an email to Warden asking for help, but he refused to intervene. Id. ¶ 23. On or about October 15, 2015, Armstrong, who then had plaintiff's writing, told plaintiff that the writing would not be returned to her because it was sexually explicit and constituted "hard contraband." Id. ¶ 19. The taking of plaintiff's writing served

---

[2]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the pages of the document are not consecutively numbered.

solely as forced treatment to alter her behavior. Id. ¶ 24. On
May 2, 2017, plaintiff received the final denial of her
administrative remedy regarding the writing. Id. ¶ 27.

Plaintiff says that she brings claims under the Fifth
Amendment's Due Process and Equal Protection Clauses, the
Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb-
4 ("RFRA"), the Administrative Procedures Act ("APA"), the First
Amendment's Free Exercise, Freedom of Expression, and
Establishment Clauses, and for declaratory judgment and
injunctive relief. Doc. 15 at ¶ 2. She sues Warden in his
official capacity and Alexander and Dixon in their official and
individual capacities. Id. ¶¶ 6-7.

II.

Grounds of the Motion

Defendants maintain that the personal capacity claims must
be dismissed because plaintiff cannot show that a Bivens[3] remedy
is available; nor can she show that a claim for money damages is
authorized by RFRA or any other source of law. Further, even if
such claims were possible, defendants are entitled to qualified
immunity, and the challenge to sex offender treatment is barred
by Heck v. Humphrey, 512 U.S. 477 (1994).

_____

[3]Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Defendants maintain that the official capacity claims must be dismissed under the doctrine of derivative jurisdiction, since the state court did not have jurisdiction over those claims. In addition, no jurisdiction exists for any claim relating to sex offender treatment since plaintiff is no longer housed at FMC Carswell. Doc. 17 at 1-2.

### III.

### Applicable Legal Standards

A.    Fed. R. Civ. P. 12(b)(1)

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. Spector v. L Q Motor Inns, Inc., 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id. Because of the limited nature of federal court jurisdiction, there is a

presumption against its existence.   See Owen Equip. & Erection

Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors

Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936).   A

party who seeks to invoke federal court jurisdiction has the

burden to demonstrate that subject matter jurisdiction exists.

McNutt, 298 U.S. at 189; Ramming v. United States, 281 F.3d 158,

161 (5th Cir. 2001).

B.    Fed. R. Civ. P. 12(b)(6)

        Rule 8(a)(2) of the Federal Rules of Civil Procedure

provides, in a general way, the applicable standard of pleading.

It requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

notice of what the claim is and the grounds upon which it rests,"

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

quotation marks and ellipsis omitted). Although a complaint need

not contain detailed factual allegations, the "showing"

contemplated by Rule 8 requires the plaintiff to do more than

simply allege legal conclusions or recite the elements of a cause

of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court

must accept all of the factual allegations in the complaint as

true, it need not credit bare legal conclusions that are

unsupported by any factual underpinnings. See Ashcroft v. Iqbal,

556 U.S. 662, 679 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.").

Moreover, to survive a motion to dismiss for failure to
state a claim, the facts pleaded must allow the court to infer
that the plaintiff's right to relief is plausible. Iqbal, 556
U.S. at 678. To allege a plausible right to relief, the facts
pleaded must suggest liability; allegations that are merely
consistent with unlawful conduct are insufficient. Id. In other
words, where the facts pleaded do no more than permit the court
to infer the possibility of misconduct, the complaint has not
shown that the pleader is entitled to relief. Id. at 679.
"Determining whether a complaint states a plausible claim for
relief . . . [is] a context-specific task that requires the
reviewing court to draw on its judicial experience and common
sense." Id.

C.   Qualified Immunity

Qualified immunity insulates a government official from
civil damages liability when the official's actions do not
"violate clearly established statutory or constitutional rights
of which a reasonable person would have known." Harlow v.
Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be "clearly
established," the right's contours must be "sufficiently clear

that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. Hunter v. Bryant, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 639-40. In Harlow, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. Elder v. Holloway, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Mullenix v. Luna, 136 S. Ct. 305, 308 (2015); Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341.

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Malley, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued. . . .

502 U.S. at 229. Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. Young v. City of Killeen, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010); Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. White v. Pauly, 137 S. Ct. 548, 551 (2017). That is, the clearly established law upon which plaintiff relies should not be defined at a high level of generality, but must be particularized to the facts of the case. Id. at 552. Thus, the failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. Id.; Surratt v McClarin, 851 F.3d 389, 392 (5th Cir. 2017).

IV.

Analysis

As the Supreme Court has explained, a Bivens claim may only be asserted in three limited sets of circumstances. They are: for a Fourth Amendment violation by federal agents in conducting a warrantless search and seizure in a home; for a Fifth Amendment equal protection claim based on gender discrimination by a congressman against an employee; and, for an Eighth Amendment

9

claim for deliberate indifference to serious medical needs.

Ziglar v. Abbasi, 137 S. Ct. 1843, 1854-55 (2017). The three

cases recognizing those claims, Bivens itself, Davis v. Passman,

442 U.S. 228 (1979), and Carlson v. Green, 446 U.S. 14 (1980),

are "the only instances in which the [Supreme] Court has approved

of an implied damages remedy under the Constitution itself."

Abbasi, 137 S. Ct. at 1855. The Court has "consistently refused

to extend Bivens to any new context or new category of

defendants." Id. at 1857 (quoting Correctional Servs. Corp. v.

Malesko, 534 U.S. 61, 68 (2001)). Here, none of the factors set

forth in Abassi would support the recognition of a new Bivens

claim in favor of plaintiff. See Reichle v. Howards, 566 U.S.

658, 663 n.4 (2012)(Supreme Court has never held that Bivens

extends to First Amendment claims).

Plaintiff does not dispute that the APA does not provide

relief against the individual defendants.

RFRA allows for "appropriate relief against a government."

42 U.S.C. § 2000bb-1(c). It does not appear that the Fifth

circuit has determined whether RFRA provides a private right of

action against federal employees acting in their personal

capacities. At least one district court has held that it does

not, Bloch v. Samuels, No. H-04-4861, 2006 WL 2239016, at *7

(S.D. Tex. Aug. 3, 2006), and this court is inclined to agree.

10

The court need not decide, however, as it is clear that Dixon and Alexander are entitled to qualified immunity.

Plaintiff has not pointed out any case showing that defendants' confiscation of her manuscript violated a clearly established constitutional or statutory right of which reasonable officials would have known. Her failure to cite any case where an official acting under similar circumstances was held to have violated a plaintiff's rights is fatal.

As defendants note, a further bar to plaintiff's claims regarding sex offender treatment, to the extent she asserts any, is Heck v. Humphrey, 512 U.S. 477 (1994). See Pearson v. Holder, No. 3:09-CV-682-O, 2011 WL 13185719, at *4-6 (N.D. Tex. Apr. 29, 2011).

Plaintiff's official capacity claims are claims against the government itself, Kentucky v. Graham, 473 U.S. 159, 165-66 (1985), over which the state court had no jurisdiction absent a specific waiver of sovereign immunity. See Lane v. Pena, 518 U.S. 187, 192 (1996). Because the state court lacked jurisdiction over these claims, this court could not acquire it upon removal. Lopez v. Sentrillon Corp., 749 F.3d 347, 350-51 (5th Cir. 2014). This is the doctrine of derivative jurisdiction. Id. at 350 ("when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's

11

jurisdiction"). Here, defendants argue that because the court does not have derivative jurisdiction over the official capacity claims, plaintiff simply cannot re-assert those claims through her amended complaint to establish jurisdiction. Doc. 17 at 24-25; Doc. 23 at 9-10. See Francis v. ENI Exploration Program 1980-II, No. 84-0005-CV, 1984 WL 817, at *2 (W.D. Mo. May 25, 1984)(citing Pavlov v. Parsons, 574 F. Supp. 393, 396-97 (S.D. Tex. 1983)). Again, the court need not decide. Plaintiff is no longer incarcerated at FMC Carswell and it appears that the declaratory or injunctive relief she seeks is moot. See Tamfu v. Ashcroft, 54 F. App'x 408, 2002 WL 31689212 (5th Cir. 2002); Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000).

V.

## Order

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that plaintiff's claims be, and are hereby, dismissed.

SIGNED July 23, 2019.

_____
JOHN McBRYDE
United States District Judge

12

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 9 2019

3:05pm

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

Lisa A. Biron,                    )
       Plaintiff                  )
                                  )
                                  )
v.                                )      Civil Action No. 4:19-CV-322—A
                                  )
                                  )
                                  )
Federal Medical Center ("FMC")    )
Carswell Warden Jody Upton;       )
FMC Carswell Psychologist         )
Leticia A. Armstrong; FMC         )
Carswell Psychologist E. Dixon,   )
       Defendants                 )
                                  )

### Notice of Appeal

Notice is hereby given that Lisa A. Biron plaintiff in the above

named case, hereby appeals to the United States Court of Appeals for the

Fifth Circuit from the final judgment entered in this action on the 23rd

day of July, 2019.


July 25, 2019
Date

Lisa Biron
Lisa A. Biron
FCI Waseca
P.O. Box 1731
Waseca, MN 56093



MINNEAPOLIS MN 554

25 JUL 2019  PM 2 L

<>12775-049<>
Us District Court
Clerk of Court
501 W 10TH ST
Room 310
FORT Worth, TX 76102
United States

Lisa Biron    Reg# 12775-049
Name
Federal Correctional Institution Unit
P.O. Box 1731
Waseca, MN 56093

DEPUTY CLERK

2019 JUL 29 PM 3:05

7610215759

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 13 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LISA A. BIRON,                    §
(BOP # 12775-049)                 §
V.                                §    CIVIL ACTION No. 4:19-CV-322-A
                                  §    (Court of Appeals No. 19-10862)
FMC-CARSWELL                      §
WARDEN JODY UPTON, Et Al.         §

## ORDER REGARDING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

Before the court is appellant Lisa A. Biron's August 12, 2019 motion for leave to proceed *in forma pauperis* on appeal. The court has considered the certified trust fund account statement, and all consents and other documents required by the agency having custody of the appellant to withdraw funds from the account.

(**X** ) The motion for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915 (doc. 28), is GRANTED. 28 U.S.C. § 1915.

(**X** ) The appellant is assessed an initial partial appellate filing fee of **$40.38**. The agency having custody of Appellant shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court. *See* 28 U.S.C. § 1915(b)(1).

(**X** ) Thereafter, the appellant shall pay **$464.62**, the balance of the appellate filing fees, in periodic installments as provided in 28 U.S.C. § 1915(b)(2). The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until Appellant has paid the total appellate filing fees of $505.00. The agency having custody of the appellant shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the district court clerk.

The Clerk shall mail a copy of this Order to the inmate accounting office or other person(s) or entity with responsibility for assessing, collecting, and remitting to the district court filing fee payments on behalf of inmates, as designated by the facility in which Appellant is currently or subsequently confined.

SO ORDERED.

SIGNED August 13, 2019.

_____
JOHN H. McBRYDE
United States District Judge